### JAMES D. MARTIN & others *vs.* AMOS P. TAPLEY.

**Essex.** Nov. 6. — 9, 1875. WELLS & MORTON, JJ., absent. ENDI-
COTT, J., did not sit.

An *amicus curiæ* is heard only by the leave and for the assistance of the court, and
upon a case already before it; he has no right to take the case up, by bill of ex-
ceptions or otherwise.

After verdict for the plaintiff in an action of contract, the defendant died, and the
plaintiff moved the court to strike from the record a plea of discharge in bank-
ruptcy filed by the defendant since the verdict, and to enter judgment *nunc pro
tunc* as of a term before his death. At the hearing of these motions, no executor
or administrator of the defendant having been appointed, his heir, and the sureties
on the bond given to dissolve the attachment on the writ, were allowed by the pre-
siding judge to appear for the purpose of being heard on these motions, but not as
parties to the suit; and the counsel of the deceased defendant was heard in their
behalf, and as *amicus curiæ*. *Held*, that neither the heir, nor the sureties, nor the
*amicus curiæ*, could allege exceptions to an order of the judge granting the mo-
tions.

PETITION to establish the truth of exceptions. The material
facts, appearing by the records referred to in the petition were
as follows:

An action of contract, brought by Amos P. Tapley against Lu-
cretia W. Martin, was tried at November term 1870 of this court
in Essex, and a verdict returned for the plaintiff, and exceptions
taken by the defendant at the trial were allowed by the presiding
judge, and entered upon the law docket in that county at No-
vember term 1871. On February 26, 1872, the defendant pleaded
a certificate of discharge in bankruptcy, obtained January 20,
1872, in the District Court of the United States for the District
of Maryland. On June 15, 1874, Ambrose A. Ranney, Esquire,
the attorney for the defendant, suggested of record that her death
occurred June 12, 1874. On October 22, 1874, the plaintiff
filed a motion that the plea of discharge in bankruptcy be taken
off the record of this court, upon the ground that it would appear
from an inspection of the whole record and final decree of the
United States Court (copies of which were produced) that the
certificate of discharge had not been granted, but had been re-
fused. In November, 1874, the exceptions taken at the trial
were argued by Mr. Ranney, as *amicus curiæ*, and by the coun-
sel for the plaintiff, and overruled. See *Tapley* v. *Martin*, 116
Mass. 275.

At a subsequent hearing before *Wells, J.*, on motions of the plaintiff that the plea of discharge in bankruptcy be ordered to be taken off the record, and that judgment be entered for the plaintiff *nunc pro tunc* as of November term 1871, James D. Martin, the son and heir of the deceased defendant, and Andrew C. Mudge and Penfield B. Goodsell, the sureties upon the bond given by the defendant to dissolve the attachment upon the writ, were " allowed to appear for the purpose of being heard upon the pending motions to strike off the plea of bankruptcy and to enter judgment *nunc pro tunc*, but not as parties to the suit ; " Mr. Ranney, counsel for the defendant in her lifetime, was heard as *amicus curiæ*, and also as counsel for the heir and the sureties ; and it was ordered " that said motions be granted, and that said plea of discharge in bankruptcy be taken off the record of this court — it appearing that the alleged discharge, a copy of which was filed in support of said plea, was vacated by the court by which it purported to have been granted, before the filing of said plea, and at the term at which the alleged discharge was granted, and upon a final hearing and adjudication thereon a discharge was refused in the defendant's lifetime " — and that judgment be entered for the plaintiff in this action *nunc pro tunc* as of November term 1871.

Mr. Ranney, as counsel for the defendant during her lifetime, and as *amicus curiæ*, and as attorney of the heir and the sureties, tendered a bill of exceptions to this order and to various rulings at the hearing upon the motions ; and the bill of exceptions was disallowed by the judge.

The heir, the sureties, and Mr. Ranney, as counsel for the deceased defendant and as *amicus curiæ*, thereupon filed, this petition to establish the truth of the exceptions so tendered ; alleging the facts above stated, and also that the defendant died leaving no estate of any kind in this Commonwealth, and there had never since been any property, effects or credits here to be administered upon, and therefore no letters of admininistration, either original or ancillary, had been or could be granted here ; and that the exceptions alleged were true, and were disallowed by the judge solely because neither of the petitioners was so far a party to the suit or so far related to it as to be entitled to be allowed or to prosecute a bill of exceptions.

The petitioners moved that the petition be referred to a com-
missioner to hear the parties and report the facts to the court.
The original plaintiff moved to dismiss the petition, because the
petitioners were not entitled to allege exceptions.

*F. W. Hurd,* (*A. A. Ranney* with him,) for the petitioners.
This is a petition to prove exceptions taken to the right of the
court to enter judgment for the plaintiff *nunc pro tunc* after the
death of the defendant. The objection is raised that there is no
party before this court to take exception. The theory upon
which such a judgment is entered is, that the court by a fiction
goes back to the time when the parties were living, and enters
such judgment as would then have been entered but for the delay
of the law. This is expressed in *Currier* v. *Lowell,* 16 Pick. 170,
173, as follows : " The court will go back to the time when the
judgment might have been rendered on the verdict, if no motion
had been made which prevented it." In *Kelley* v. *Riley,* 106
Mass. 339, 342, it is said that " the court in now rendering judg-
ment will go back to the time when it would have been rendered
if no action had been taken to prevent it." In *Bridges* v. *Smyth,*
8 Bing. 29, 32, Tindal, C. J., said : " The case therefore does not
depend on the St. of Car. II., but on the rule of common law,
that where parties are hung up by act of the law, neither of them
loses his right, but eventually judgment is entered *nunc pro tunc,*
as if the party were still alive." Similar expressions are found
in a great number of cases. Freeman on Judgments, (2d ed.)
§ 56 *& seq.*

If this is the theory for the purpose of entering judgment, is
it not the same for the purpose of showing cause why such judg-
ment should not be entered ? In *Miles* v. *Bough,* 15 L. J. (N. S.)
Q. B. 30, 32, Wightman, J., said : " If it could be shown that
the defendants or any third person would be prejudiced by enter-
ing the judgment as prayed, that would no doubt be ground for
the court refusing to interfere ; but in the absence of any well
founded objection of that kind, it appears to me that the rule
for entering the judgment *nunc pro tunc* must be made abso-
lute."

The cases are numerous where arguments have been enter-
tained by courts upon their power to render a judgment *nunc
pro tunc* after the death of one party, and no suggestion has ever

been made that there was no party in court competent to resist the motion. The arguments proceed upon the fiction that they are had while the parties are living. *Currier* v. *Lowell*, 16 Pick. 170. *Mayor of Norwich* v. *Berry*, 4 Burr. 2277. *Abington* v. *Lipscomb*, 11 L. J. (N. S.) Q. B. 15. *Miles* v. *Williams*, 9 Q. B. 47 ; *S. C.* 16 L. J. (N. S.) Q. B. 56. *Griswold* v. *Hill*, 1 Paine C. C. 483. *Heathcote* v. *Wing*, 11 Exch. 355. *Freeman* v. *Tranah*, 12 C. B. 406.

The petitioners were allowed to be heard before a single judge as to whether or not the record in this case was ready for final judgment ; and if allowed to be heard upon that question there, have they not the right to ask a review of the ruling made upon matters of law ? They were admitted as parties so far as the motion to enter judgment was concerned, and ask now only to be heard upon that same motion. In *Kelley* v. *Riley*, 106 Mass. 339, the exceptions were allowed after death of the party excepting. In *Freeman* v. *Rosher*, 13 Q. B. 780, after verdict for the plaintiff, with leave reserved to move a nonsuit or verdict for the defendant, the defendant died before a motion could be made ; and the rule *nisi* was afterwards obtained in his name. Suppose in *Kelley* v. *Riley* the exceptions as filed had been disallowed ; might they not have been proved ? It may be said that in the above cases the exceptions were taken while the parties were living, but they were such as must have been taken at or before verdict, which could only be had while the parties were living ; in the case at bar, the exceptions arise from proceedings that could only be taken after the death of one of the parties. Now it must either be held that the court proceeds *ex parte* in fiction as well as in fact, in allowing judgment *nunc pro tunc* after death of one of the parties, or that the decision of a single judge is final upon the legal power to enter such a judgment. Suppose, when *Kelley* v. *Riley* was sent back to the Superior Court, a question had arisen as to the legal power of the court to enter judgment ; would the decision of a single judge of the Superior Court have been final ?

*O. W. Holmes, Jr., contra.*

GRAY, C. J. The authorities cited for the petitioners show that the counsel for a deceased party might be heard as *amicus curiæ* before the full court, if the exceptions sought to be estab-

lished had been allowed and entered in his client's lifetime; be-cause the delay in disposing of them would be deemed the act of the court; *Tapley* v. *Martin*, 116 Mass. 275; *Bridges* v. *Smyth*, 8 Bing. 29; *S. C.* 1 Mo. & Sc. 93; *Miles* v. *Williams*, 9 Q. B. 47; or if the exceptions had been taken by the party in his life-time, though not allowed or entered until after his death; be-cause they would be his own exceptions, seasonably alleged and tendered by himself, and the subsequent allowance and entry of them might be treated as mere forms to put them in order for hearing; *Kelley* v. *Riley*, 106 Mass. 339; or if the ruling below had been in his favor, and the questions of law reserved on the motion of the other party; *Currier* v. *Lowell*, 16 Pick. 170; or if the questions of law had been reserved by the judge himself at the trial or hearing, and brought before the full court by his report, or by motion pursuant to leave so reserved. *Springfield* v. *Worcester*, 2 Cush. 52, 62. *Freeman* v. *Rosher*, 13 Q. B. 780.

But the difficulty in this case lies deeper. None but a party to a suit has a right to allege exceptions, or to file a petition to establish the truth thereof. Gen. Sts. *c.* 115, §§ 7, 11. At the time when these questions of law were first raised, the defendant was dead, and no executor or administrator had, so far as appears, been appointed or named. The heir of the defendant had no right to appear as a party to a personal action. The sureties upon the bond to dissolve the attachment were not, and could not be made, parties to the action in their own name; and they could not use the name of the defendant, because she was dead, nor of her executor or administrator, because it does not appear that there was any. Both the heir and the sureties were allowed to come in and be heard, not as parties to the suit, but, just as any stranger might be, for the information of the judge before whom the motions were pending. The counsel for the deceased defendant had no right to be heard as such, because his authority to act in her behalf had been revoked by her death. Like the heir and the sureties, he could be heard only as *amicus curiæ*. An *amicus curiæ* is heard only by the leave and for the assist-ance of the court, and upon a case already before it. He has no control over the suit, and no right to institute any proceeding therein, or to bring the case from one court to another, or from a single judge to the full court, by exceptions, appeal or writ of

error. 4 H. VI. 16, pl. 16. *Isley's case*, 1 Leon. 187. Vin. Ab Amicus Curiæ. *Knight* v. *Low*, 15 Ind. 374.

None of the petitioners being parties to the suit, the exceptions alleged by them were not legally alleged, and were rightly disallowed by the presiding judge, and the petition to establish the truth of them must be                                                    *Dismissed.*