# N. Y. COMMON PLEAS.

## Annie B. Louden agt. David B. Louden.

*Attorney's fees — An allowance may be made to counsel upon the discontinuance of a divorce case — Appeal — When discretionary order appealable.*

Under section 1294 of the Code, an attorney, though not a party to the action, can appeal from an order refusing his fees.

An allowance may be made to counsel upon the discontinuance of a divorce case, under section 1769 of the Code (*See Chase* agt. *Chase, ante,* 308).

A discretionary order is appealable to the general term when it affects a substantial right.

*General Term, August,* 1883.

*Before* Daly, *P. J.,* J. F. Daly *and* Beach, *JJ.*

This suit was for a divorce a *mensa et thoro ;* commenced by serving a summons and complaint, together with a petition and notice of motion for alimony and counsel fees. Before the return day of the motion the plaintiff and defendant amicably adjusted their differences. The plaintiff's attorney, on the return day of the motion, presented an affidavit of these facts, and obtained an order from hon. J. F. Daly, one of the judges of the court, requiring the defendant to pay him a counsel fee. The defendant moved, before hon. C. H. Van Brunt, to vacate this order on affidavits of both himself and the plaintiff that they had become reconciled, and that plaintiff's attorney commenced the action without authority. The attorney responded with three affidavits, showing that the fact of settlement was communicated to judge Daly when he signed the order ; and that the plaintiff expressly authorized the suit, had the complaint and petition carefully read to her, read them herself, and finally after keeping them nearly twenty-four hours in her possession, went before a notary and verified them in the absence of her attorney or anyone representing him.

Louden agt. Louden.

Judge VAN BRUNT, however, vacated the order for an allowance, writing a memorandum that the plaintiff had condoned the cause of action by settlement and the suit should not be continued. From this order the plaintiff's attorney appealed.

*Henderson Benedict*, for appellant, contended : 1. That the plaintiff's attorney could appeal from an order discontinuing the action without allowing his fees, though not a party to the suit (*Code, sec.* 1294 ; *McKenzie* agt. *Rhodes*, 13 *Abb. Pr.*, 337; *Hobart* agt. *Hobart*, 86 *N. Y.*, 636). 2. The order allowing a counsel fee, under section 1769 of the Code, on a discontinuance of the action is proper (*Green* agt. *Green*, 3 *Daly*, 62). 3. Though discretionary, the order is appealable to the general term, as it affects a substantial right (58 *N. Y.*, 215 ; 56 *id.*, 72 ; 3 *Hun*, 375 ; 70 *N. Y.*, 10). 4. The affidavits presented overwhelming proof that plaintiff authorized the suit.

*Linasay & Flammer*, for respondent, contended the appeal should be dismissed or the order affirmed.

*The court* decided unanimously to reverse the order appealed from, and required the defendant to pay the plaintiff's attorney a counsel fee and the disbursements of the action, together with the costs and disbursements of the appeal, within ten days after service of the order, thus holding an appeal by an attorney proper under section 1294 of the Code ; an allowance to counsel under section 1769 of the Code, upon the discontinuance of a divorce case ; and a discretionary order appealable to the general term when it affects a substantial right.