RIDENBAUGH, *Plaintiff in Error*, v. YOUNG.

Division Two, June 28, 1898.

1. **Contract**: VOID FOR LACK OF CONSIDERATION. A contract whereby a brother agreed to pay his sister $10,000 if he, as sole plaintiff in a suit already begun, succeeded in having their father's will set aside, the said sister agreeing to pay the costs and attorney's fees provided the will is set aside, and further acknowledging the payment of $1 by her to him, is supported by a consideration.

2. ———: ———: PERFORMANCE OF CONDITIONS. And where the petition alleges a compliance with the terms of such a contract by the sister, it thereby shows a valuable consideration for the promise by her brother to pay her $10,000. The extent and value of the consideration, so long as it was valuable, are immaterial.

3. ———: ———: VOID AS AGAINST PUBLIC POLICY. But a contract supported by a valuable consideration, entered into by a brother and sister, the only heirs at law of their father, for the evident purpose of cheating another devisee under the father's will, the terms being that if the brother succeeded in a suit against her and the other devisee in having the will set aside, he would pay her $10,000 and she would pay the entire costs of the litigation, is void as against public policy, and a demurrer was properly sustained to a petition in a suit brought by the sister to recover the $10,000.

*Error to the Buchanan Circuit Court.*—HON. VINTON PIKE, Special Judge.

AFFIRMED.

*John M. Dickson* and *Johnson, Rusk & Stringfellow* for plaintiff in error.

(1) The agreement in question is not opposed to public policy. It is not immoral, illegal, nor does it tend to obstruct the proper administration of justice; nor is it superfluous, as calling for the performance of something which could be done as well by the act of the parties, as through the intervention of the court. *Railroad v. Saunders*, 44 S. W. Rep. 644; *Cash v. Lust*, 44 S. W. Rep. 725; *McMahon v. McMahon*, 100

Mo. 99; *Waller's Adm'x v. Marks*, 38 S. W. Rep. 894. (2) The plea that an agreement is against public policy is never entertained in any case unless its prejudice to the public interest is clearly established. And the highest policy of the law is said to be the enforcement of contracts entered into between competent persons for a lawful consideration. *Registering Co. v. Sampson*, 19 Eq. 462; *Richmon v. Railroad*, 26 Iowa, 190; *Kellogg v. Larkin*, 56 Am. Dec. 164; *Swann v. Swann*, 21 Fed. Rep. 669; *Richardson v. Mellish*, 2 Bing. 229; *Welsh v. Farrell*, 6 Bing. 169. (3) However the agreement may be construed, the court can not permit one who has had the full benefit of an executed illegal agreement, to repudiate the same and also retain the benefit thereof. *Hatch v. Hanson*, 46 Mo. App. 334; *Wiggins Ferry Co. v. Railroad*, 73 Mo. 411.

*Brown & Dolman* for defendant in error.

(1) All agreements relating to proceedings in courts of justice, civil or criminal, which may involve anything inconsistent with the impartial course of justice, are void, though not open to the charge of corruption, and regardless of the good faith of the parties or of the fact that no evil resulted therefrom. They are necessarily corrupt in their tendencies. *Tool Co. v. Norris*, 2 Wall. 45; *Woodstock Iron Co. v. Extension Co.*, 129 U. S. 643; *Brown v. Bank*, 137 Ind. 655; *State v. Johnson*, 52 Ind. 197; *Clippinger v. Hepbaugh*, 5 Watts & S. 315; *Oscanyan v. Arms Co.*, 103 U. S. 261; Greenhood on Pub. Policy, p. 5; Beach on Contracts, secs. 1534, 1535 and 1536; *Clark v. Spencer*, 14 Kan. 398. (2) That the law forbids public justice to be made the subject of private bargains is well settled. *Porter v. Jones*, 52 Mo. 399; *Green v. Nut*, 54 Mo. App. 4; *Poe v. Davis*, 29 Ala. 676; *Gray v. McReynolds*, 65 Iowa, 461; *Sumner v. Sumner*, 54 Mo. 340;

*Aycock v. Braun*, 66 Tex. 201; *Staunton v. Parker,* 19 Hun. 55; *Kick v. Merry*, 23 Mo. 72; *Kribben v. Haycraft*, 26 Mo. 396; Beach on Contracts, sec. 1527 and note, 1601; *Bowers v. Bowers*, 26 Pa. St. 74; *Davidson v. Seymour*, 1 Bosw. 88; *Edy v. Capron*, 4 R. I. 394; *Ins. Co. v. Berghaus*, 13 La. Ann. 209; *Gray v. Hook*, 4 Comst. 449; Greenhood on Pub. Policy, p. 453; *DeBaun v. Brand*, 37 Atl. Rep. 726. (3) The rule that a party who would rescind a contract must restore what he has received under it, does not apply to contracts founded on illegal consideration, and void for that reason. The court will leave them where it finds them. It will help neither. *Tyler v. Larimore*, 19 Mo. App. 445; *Attaway v. Bank*, 93 Mo. 485; *Connor v. Black*, 119 Mo. 126; *Roselle v. Beckemeir*, 134 Mo. 380; *Hamilton v. Sculls' Adm'x.*, 25 Mo. 166; *Kitchen v. Greenabaum*, 61 Mo. 110; *Brown, Adm'x. v. Finley*, 18 Mo. 375; *Irwin v. Wells*, 1 Mo. 9; *Ins. Co. v. Hull*, 51 Ohio St. 270; *Setter v. Alvey*, 15 Kan. 157; *Hooker v. DePallas*, 28 Ohio St. 251; *Kahn v. Walton*, 46 Ohio St. 195; *Haynes v. Rudd*, 83 N. Y. 251; *Allison v. Hess*, 28 Iowa, 389; *Garrett v. Mining Co.*, 113 Mo. 330.

BURGESS, J.—This is a suit by plaintiff against defendant to recover the sum of $10,000 upon a promise contained in a written contract, set out in the petition.

The petition leaving out the formal parts is as follows:

Plaintiff for her amended petition states that she and defendant are brother and sister and the only children and heirs of George Young, deceased, surviving him. That on the ——— day of September, 1875, plaintiff and defendant entered into an agreement in writing and under seal, whereby it was agreed that de-

fendant in consideration of one dollar to him paid and other considerations and promises therein named should prosecute the suit then pending, and by him brought, to set aside and annul a certain instrument of writing purporting to be the last will and testament of George Young, deceased, and in the event said will was annulled should pay this plaintiff ten thousand dollars out of his share of the estate of said George Young deceased and quit claim certain real estate to George Young Ridenbaugh, a devisee under said will, and plaintiff should consent to the prosecution of said suit, and in case said will was annulled pay the costs and attorney's fees therein.   Said agreement was in words and figures as follows, to wit:

"Articles of agreement made and entered into this —————— day of September, 1875, between George W. Young of the county of Buchanan and State of Missouri, party of the first part, and Mary T. Ridenbaugh of the said county and State, party of the second part.

"Whereas, the said party of the first part has instituted proceedings in the circuit court of said Buchanan county to set aside and annul a certain instrument of writing purporting to be the last will and testament of George Young deceased, and heretofore admitted to probate by the probate court within and for said county as the last will and testament of said George Young deceased, and

"Whereas, the said George W. Young and Mary T. Ridenbaugh and George Young Ridenbaugh are legatees and devisees of said George Young deceased, under his last will and testament aforesaid, and said party of the second part has, in consideration of the mutual promises and agreements of the said party of the first part hereinafter set forth, consented and agreed with the said party of the first part to the institution and prosecution by the said party of the first part of the said suit

and proceedings to set aside and annul the last will and testament of George Young deceased.

"Now, therefore, know all men by these presents in consideration of the promises and of the mutual agreements and consent of the said party of the second part to the institution and prosecution of the said proceedings to set aside the last will of George Young deceased, as aforesaid, and in further consideration of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, the said party of the first part hereby covenants and agrees to and with the said party of the second part that, in the event that in the proceedings aforesaid the said last will and testament of George Young deceased, is set aside and annulled, he, the said party of the first part, will pay to the said party of the second part out of his share of said estate of George Young deceased, the sum of ten thousand dollars, and will further convey and release by quit claim unto George Ridenbaugh, a devisee under said last will as aforesaid, all the right, title and interest of the said party of the first part in and to certain real estate in said last will mentioned and devised to said George Young Ridenbaugh situate in the city of Louisville in the State of Kentucky between Floyd and Preston streets in said city, being about one hundred and eighty feet front by one hundred and ninety-six feet in depth.

"The said M. T. Ridenbaugh hereby agrees to pay the costs and attorney's fees in the suit to set aside the will provided the said will is set aside and annulled.

"In testimony whereof the said George W. Young has hereunto set his hand and seal the day and year first aforesaid.

"GEORGE W. YOUNG,    [SEAL.]<br>"MARY T. RIDENBAUGH.

"Signed, seal and delivered in the presence of us. Witnesses.

"All interlineations made before execution."

Plaintiff further states that she performed all the terms and conditions of said agreement on her part to be performed; that in and by said suit, said will was on or about October 23, 1879, set aside and annulled, whereby this defendant has long since received his share of said estate to which he was entitled as an heir of said George Young, deceased as aforesaid; that said share amounted to more than $10,000 in value, but said defendant has failed and refused and still refuses to pay to plaintiff $10,000 as by said agreement he agreed to do and by the terms thereof or any part of said amount.

The defendant demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action, and also upon the ground that the consideration of the contract is against public policy, illegal and void. The demurrer was sustained, and plaintiff declining to plead further, judgment was rendered against her for costs. She brings the case to this court by writ of error.

The questions raised by the record are whether the petition states any consideration for the promise to pay the $10,000 sued for, and if it does, then whether or not the act or promise constituting the consideration is against public policy. If either of these propositions can be answered in the affirmative, then the judgment must be reversed, otherwise it must be affirmed.

As to the first point, there seems to us to be no question as to the consideration for the promise by defendant to pay the plaintiff the $10,000 sued for. The contract in effect provides that, as George W. Young had instituted proceedings in the circuit court of Buchanan county to set aside and annul a certain instrument of writing purporting to be the last will and testament of George Young, deceased, and theretofore

admitted to probate, the said George W. Young, in consideration of the institution and prosecution of said suit by him and the payment to him by Mary T. Ridenbaugh of the sum of one dollar and the costs of the suit and attorney's fees, would pay her the sum of $10,000 out of his share of said estate in the event he succeeded in setting aside and annulling said will.

The petition alleges a compliance with the terms of the contract upon plaintiff's part, and thus shows a valuable consideration for the promise by defendant to pay her the $10,000. While the contract implies that the suit was already pending when it was entered into, it provides for its prosecution, and clearly means to a successful termination. There was manifestly some consideration for the promise by defendant, and under the facts stated in the petition its extent and value are immaterial.

The all important question then is as to whether or not the contract is against public policy.

"Agreements relating to proceedings in civil courts involving anything inconsistent with the full and impartial course of justice therein, though not open to the charge of actual corruption, are void." 3 Am. and Eng. Ency. of Law, 879, 881. It is said that "all agreements for pecuniary consideration to control the regular administration of justice are void as against public policy, without reference to the question whether improper means are contemplated or used in their execution." *Tool Company v. Norris*, 2 Wall. *loc. cit.* 56. Greenhood on Pub. Policy (page 5) lays down the rule as follows: "The question of the validity of the contract does not depend upon the circumstance whether it can be shown that the public has in fact suffered any detriment, but whether the contract is, in its nature, such as might have been injurious to the public. It matters not that any particular contract is free from any taint,

or actual fraud, oppression or corruption. The law looks to the general tendency of such contracts." In speaking of contracts of this character in *Woodstock Iron Co. v. Extension Co.*, 129 U. S. 663, Mr. Justice FIELD said: "They are against public policy because of their corrupt tendency, whether lawful or unlawful means are contemplated or used in carrying them into execution." So in *Tool Company v. Norris*, 2 Wall. *loc. cit.* 56, it is said: "The law looks to the general tendency of such agreements; and it closes the door to temptation, by refusing them recognition in any of the courts of the country."

In the suit by George W. Young to set aside and annul the will of his deceased father, the plaintiff in this suit, Mary T. Ridenbaugh, being the only other heir at law, and George Young Ridenbaugh being a devisee under said will, must of necessity have been made parties defendants thereto, and yet under this state of facts the contract here sued on, to which George Young Ridenbaugh is not a party, was entered into by two apparent adversary parties without the consent of a co-defendant of one of them, and by it Mary T. Ridenbaugh was to be paid a moneyed consideration by the contestant of the will out of his share of the estate, in the event he succeeded in annulling the will.

From reading this contract there is no escape from the conclusion that it was entered into for the purpose of defrauding George Young Ridenbaugh, and of imposing upon the court, under the pretense by Mary T. Ridenbaugh that she was acting in concert with her co-defendant, George Young Ridenbaugh, in resisting the suit to set aside the will, while at the same time she was conniving with her brother to bring about a different result, and had entered into a contract with him by which she was to pay the costs and lawyer's fees in the prosecution of the suit, and to receive from

him in return therefor the sum of $10,000 if the will was set aside. If such an agreement is not inconsistent with the full and impartial course of justice, then we are at a loss to know what is. It was not only a fraud upon one of the parties to the suit, but it was an imposition on the court, its general tendencies fraudulent and against public policy. No such a contract can or should be enforced; it is at war with honesty of purpose and the correct and fair administration of justice.

In such circumstances the law will leave the parties where it finds them.

The demurrer was properly sustained.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.