### Ed. D. Steger v. J. L. Hume.

#### No. 1277. Decided February 18, 1904.

**Public Policy—Attorney's Contract With Adverse Party.**

Attorneys appointed to represent unknown heirs in the settlement of an estate, being about to appeal, for such heirs, from an order allowing them a fee, which they contended was inadequate, for their services as such attorneys, agreed not to prosecute such appeal, upon a promise, by one adversely interested, to pay them the difference between the amount allowed and that they sought to recover by the appeal. Held, that there could be no recovery on such promise because contrary to public policy; that, though the only object sought by them in appealing was to secure the amount of fee in question, the effect of the appeal was to keep the settlement of the estate open, with further chances for unknown heirs to appear and assert rights in the estate, and they had no right to abandon it for pay from a party adversely interested. (P. 332.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The certificate was as follows:

"In the above styled and numbered cause, the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas as follows, to wit:

"On the 4th day of November, 1903, the said Court of Civil Appeals affirmed the judgment of the District Court of Travis County, wherein a general demurrer was sustained to the petition of the appellant in said cause. So much of the petition as sets out the cause of action of the appellant is copied in the majority opinion of said Court of Civil Appeals. The majority and minority opinions of the Court of Civil Appeals are as follows:

"'Streetman, Associate Justice.—The appellant sought a recovery upon a verbal contract, which is alleged as follows in his petition: "That on or before January 25, 1896, administration of the estate of T. C. Bean, deceased, was pending in the District Court of Grayson County, Texas. That one H. P. Howard and the defendant Hume were the duly appointed and acting administrators of said Bean's estate; that said estate was of great value, and the residue thereof subject to partition and

distribution among said Bean's heirs considerable. That on said day the application of one Sarah A. Dove and numerous other persons jointly claiming to be the only and lawful heirs of the said T. C. Bean, was pending in said court, wherein they asked that said residue of said estate not needed for the purposes of administration be partitioned among them. That the right of applicants to said partition was contested by numerous claimants, who denied that applicants were said Bean's heirs; that the unknown heirs of said Bean had been cited to appear and contest said application, and plaintiff, Ed. D. Steger, and Thos. P. Steger, both practicing attorneys, had been duly appointed and recognized by the courts having jurisdiction to do so, to represent said unknown heirs; that for several years previous to said January 24, 1896, the said attorneys did represent said unknown heirs, resisting all applications for said partition of said residue, and generally representing the interests of said unknown heirs. That on said day and long prior thereto defendant Hume claimed to own and did purchase from said Sarah A. Dove and her coapplicants a large interest in said estate, amounting to about eleven-twelfths thereof. That on said day the District Court on the verdict of a jury finding that said Sarah A. Dove and her coapplicants were the true and only lawful heirs of said T. C. Bean, deceased, rendered the statutory judgment in such cases made and provided that the said Sarah A. Dove and her coapplicants were entitled to receive said residue of said estate, and ordered said residue of said estate to be divided among them according to their several interests. That on the rendition of said judgment plaintiff and said Thos P. Steger applied to the court to allow them a reasonable fee for their services in representing said unknown heirs. That on the hearing of said application it was proven by uncontradicted evidence that their said services were reasonably worth the sum of $3000, but the court refused to allow them said sum, and only allowed them $2000 for their said services, to which ruling of the court they, for the unknown heirs, excepted in open court and were preparing to prosecute an appeal to the Court of Civil Appeals having jurisdiction thereof, relying for error on the sole ground and on no other that the sum allowed them by the court was not reasonable compensation for their said services in and about said matter. That in the judgment of said Steger & Steger at the time the evidence was sufficient to sustain said judgment against said unknown heirs, and they did not intend nor propose to appeal for said unknown heirs on any other ground save that the amount so allowed Steger & Steger by the court for their services as such attorneys was not reasonable compensation for their said services so rendered in said cause for said unknown heirs. That on or about said day, to wit, January 25, 1896, said Hume, for the purpose of inducing said Stegers to abandon their said appeal, and in consideration of their abandoning their said appeal for said unknown heirs, proposed and offered to this plaintiff and said Thos. P. Steger, to pay them the sum of $1000; that this plaintiff and said Thos. P. Steger accepted said proposition and offer, and then and there agreed to abandon said appeal for the

sole question of testing the reasonableness of said allowance, and not to prosecute same in consideration of said promise to them by said Hume to pay them said sum of $1000, and did abandon said appeal, whereby said Hume became liable and promised to pay this plaintiff and said Thos. P. Steger said sum of $1000 then and there. That though often demanded, the said Hume refused to pay the same or any part thereof, except as hereinafter set forth."

" 'To this petition a general demurrer was sustained by the court, and no amendment being filed, the suit was dismissed. A majority of the court have concluded that the action of the lower court in dismissing said suit was proper, for the reason that the contract set out in the petition was void as against public policy.

" 'The petition shows that in the administration of an estate the plaintiffs were appointed and acted as attorneys for certain unknown heirs. We presume that their appointment was made under Rev. Stats., art. 2161, and if so, their compensation would be regulated by Rev. Stats., art. 2189.

" 'Whether we are correct or not in this they were, at any rate, appointed by the court to represent the interests of such unknown heirs, and were allowed by the court the sum of $2000 as their fees. They claim $3000 and gave notice of appeal on behalf of their clients. Appellee Hume represented the principal part of the estate and wanted the litigation ended. He therefore agreed with said attorneys to pay them $1000, the additional amount for which they proposed to contend on appeal, in order to induce them to abandon said appeal.

" 'The contention of appellant is that because said attorneys only intended to prosecute said appeal in order to assert their right to said additional $1000, that the contract involved no surrender of any rights of their clients, and was therefore valid.

" 'It is, of course, conceded that a contract to pay the attorney of an adverse party to do something or refrain from doing something that will affect the interest of his client is illegal and void. Especially would this be true where the attorney was not acting in his ordinary capacity, but under special appointment of the court to represent interests of clients who were unknown, and with whom, of course, he could not communicate.

" 'These principles are not disputed. The only question is their application to the facts of this case. We think it clear that they apply. The right of appeal is a valuable right belonging to the unsuccessful party in a law suit. Whether the appeal would be successful or not, it is deemed valuable to such an extent that it will constitute a good consideration for a contract. 6 Am. and Eng. Enc. of Law, 747, and cases cited under note 5. In this case it would have at least delayed the final judgment for some time and afforded a longer period within which such unknown heirs might have appeared and established their existence and their interest in the estate. It was, at any rate, a right guaranteed them under the law. It could be exercised by the attorneys appointed by the court

(Russell's Heirs v. Randolph, 1 Texas, 460); and as they alone could exercise the right, their determination as to whether an appeal should be taken was final. This was a right belonging to the unknown heirs, and what ever may have been the purpose of the attorneys, it is apparent that the principal purpose on the part of the appellee was to extinguish that right and make his judgment final. When the appeal was abandoned it would, of course, leave the judgment for $2000 in force; and the promise of Hume to pay $1000 was in effect to grant all that was claimed by the attorneys. His purpose, therefore, in making the agreement could not have been to compromise their claim, because he agreed to pay them all they were claiming; but it must have been to extinguish the right of appeal in their clients.

" 'At any rate, the effect of the contract was to deprive the unknown heirs of their right of appeal and to make the judgment against them final sooner than it would otherwise have become so.

" 'There can be no doubt that a contract to pay an officer of court a sum of money to influence his conduct with reference to his official duties is against public policy. The attorneys in this case were officers of the court, charged with a responsible duty, the duty of conducting this litigation in the interest of the parties they were appointed to represent. As a part of this duty, when judgment had been rendered, it devolved upon them to determine whether they would or would not prosecute an appeal. In the determination of this question, as every other question which arose in the course of the litigation, it was their duty to act with a view solely to the interest of their clients. Their clients were entitled to their loyal and disinterested opinion, untrammeled by any outside considerations. Any agreement, especially on the part of the adverse party, to pay them a sum of money to determine this question one way or the other, was an unlawful agreement. It may have been that the only object of the attorneys in making the agreement was to settle their own controversy, but in the nature of the case they could not settle this without at the same time settling the other quesion which they had to determine for their clients, that is, whether or not they would prosecute an appeal; and the latter question is evidently the one which Hume was anxious to have determined. It may also be true that the unknown heirs lost nothing by the arrangement, and no injury was done; but it is not a question of actual injury. The tendency of such transactions determines their character, and we are clearly of the opinion that the contract in question was against public policy as tending to interfere with the proper and unbiased discharge of duty on the part of the officers of the court.

" '*Affirmed.*'

### DISSENTING OPINION.

" 'FISHER, CHIEF JUSTICE.—The demurrers of the appellee raised two questions going to the sufficiency of the plaintiff's petition which were not passed upon by this court, but which, if they had been considered in

consultation, might have resulted in the agreement of all the members of the court to an affirmance of the judgment of the court below.

" 'It is apparent from the averments of the plaintiff's petition that his purpose was to perfect an appeal against Hume. The general rule is that a party who is connected with the subject of litigation or has an interest in the same can exercise the right of appeal (Wood v. Yarborough, 41 Texas, 542; Studebaker v. Markley, 34 N. E. Rep., 607); and that a mere interest of a court official in a judgment to the extent of costs merely is not an appealable interest, and it may be that the attorney's fees allowed to the plaintiff in cases of the character set out in his petition stand in the same attitude as costs. If this item is to be regarded as attorney's fees for which the court may render an independent judgment in favor of the attorney, then there arises a conflict of authority as to whether it is such an interest that will support an appeal. The following are some of the cases, pro and con, upon this subject: Lowden v. Lowden, 65 How. Prac., 411; Adams v. Woods, 5 Cal., 314; Pereyra's Appeal, 126 Pa. St., 221; Martin v. Tapley, 119 Mass., 120.

" 'While I may entertain some doubt upon the question that the plaintiff had an appealable interest in the judgment described in the petition, I am inclined to the opinion, that, under the statute under which the attorney's fees were allowed, no appealable right existed against the appellee Hume. The court in its opinion points out the two articles of the Revised Statutes under which the plaintiff can, in a case of the character set out in the administration proceeding in his petition be entitled to attorney's fees for representing unknown heirs under an appointment of the court. Article 2134, which authorized the court to allow reasonable attorney's fees, states that the allowance must be paid out of the estate of the person they represent. The plaintiffs in the proceeding referred to were appointed as attorneys for the unknown heirs. There is no provision of the statute which authorizes such an allowance to be charged and taxed as costs in the case, for which the property of the estate would be liable, but the statute is specific in its terms to the effect that the compensation must be paid out of the estate of the persons that the attorneys represent.

" 'The liability created by the statute in favor of the attorney's fees allowed would, in this instance, be against the unknown heirs, for they are the persons whom the attorneys were appointed to represent, and did in fact represent. There were no unknown heirs that were shown to be entitled to any part of the estate, nor is it made to appear that Hume acquired the interest of any such heirs. Therefore, in an attempt to prosecute an appeal from an allowance of attorney's fees, I can not perceive how Hume would be a necessary or proper party to that appeal, or how they could have, under the terms of the statute, an appealable interest as against him.

" 'I am aware of the fact that an agreement to dismiss or abandon an appeal is sufficient consideration to support a promise to pay, but I do not believe that a mere promise to pay predicated upon a prospective assertion

of appeal will form a sufficient predicate for a consideration, when such right of appeal does not exist in law. The unexecuted promise of one to another to forbear the assertion of a demand for which there is no legal or equitable basis, will not, in law, form the basis for a valuable consideration. Now, in this instance, if Hume or his interest was in nowise liable for the attorney's fees, and there had not been, as such is the case here, any appeal actually perfected and prosecuted, which tied up and held in abeyance any right of enjoyment in the property that Hume might have, I can not see how the illegal and unconsummated purpose of the plaintiff to prosecute such an appeal would make Hume liable upon a promise that the plaintiff would refrain from the assertion of such unauthorized right. But, as said before, this question, together with the other mentioned, was not passed upon in consultation; and I therefore, for this reason, refrain from expressing any conclusive and decided views upon this question, but merely outline the above suggestions for the purpose of indicating that if these questions had been passed upon, doubtless the entire court could have agreed upon an affirmance of the judgment.

" 'I can not agree with the majority of the court in the reasons given for affirming the judgment. We do not differ as to the correctness of the principle of law announced in the opinion, but in its application to the facts stated in the petition.

" 'If it be conceded that the appellants had an appealable interest from the judgment for attorney's fees, and that this remedy could be pursued against appellee Hume, and that the judgment for attorney's fees is independent and distinct from the judgment in the main case disposing of the subject of controversy, then, in my opinion, the averments of the petition state a case showing a purpose only to bring up by appeal such independent and severable interest. Where the parts of a judgment or decree are so distinct and independent as to be severable, an appeal from a part does not bring up the entire case. 2 Enc. of Pl. and Prac., 365. The petition contains this statement: "That on the hearing of said application, it was proven by uncontradicted evidence that their said services were reasonably worth the sum of $3000, but the court refused to allow them said sum, and only allowed them $2000 for their said services, to which ruling of the court they, for the unknown heirs, excepted in open court and were preparing to prosecute an appeal to the Court of Civil Appeals having jurisdiction thereof, relying for error on the sole ground, and no other, that the sum allowed them by the court was not reasonable compensation for their said services in and about said matter; that in the judgment of said Steger & Steger at the time the evidence was sufficient to sustain said judgment against said unknown heirs, and they did not intend nor propose to appeal for said unknown heirs on any other ground save that the amount so allowed Steger & Steger by the court for their services as such attorneys was not reasonable compensation for their said services so rendered in said cause for said unknown heirs."

" 'This clearly indicates that the purpose was to appeal only the inde-

pendent issue of attorney's fees, and expressly negatives any purpose and intention to bring up any part of the controversy in which their clients, the unknown heirs, had an interest. The statement that the appeal was in the name of the unknown heirs is limited and controlled by the facts stated showing the purpose of the appeal and the issue to be raised and determined by it; and the statement that the unknown heirs had appealed this issue should, when tested by a general demurrer, be construed to mean simply a means or form of perfecting the appeal of the attorneys and that the name of the unknown heirs was merely borrowed and used as a vehicle to bring up the appeal, and get only the question of attorney's fees before the court.

" 'When a petition is tested by a general demurrer, every reasonable intendment should be indulged as to its sufficiency. Railway Co. v. Montier, 61 Texas, 122; Railway Co. v. Morris, 68 Texas, 59; Chandler v. Harrell, 7 Texas Ct. Rep., 107. If there is any virtue and force in this rule, why should not the petition be aided by the reasonable inference that the attorneys had the consent of their clients to use their names solely for the purpose of reviewing the action of the court, by an appeal on the issue of attorney's fees; and why not indulge the inference that the attorneys acted with the knowledge and consent of their clients wherein they aver that they did not intend or propose to appeal for said unknown heirs on any other grounds save that the amount so allowed them by the court for their services as such attorneys was not a reasonable compensation. Is not the inference more reasonable from the deductions to be drawn from the facts stated that the purpose and effect of the appeal and dismissing it, did not and could not injure their clients, or involve any right of theirs; and that the attorneys did not by such a course antagonize any interest of their clients, and that their conduct in such matters was professional, then the conclusion reached by the majority of the court that the attorneys by abandoning the appeal deprived their clients of a valuable right, and that by such a course their clients were deprived of their "loyal and disinterested opinion, untrammeled by outside considerations."

" 'In the face of the general demurrer, could not the attorneys, upon a trial of this case, have proven the fact that their clients consented to the course pursued, as alleged in the petition? I am of the opinion that in the absence of a special exception such evidence would have been admissible. The fact is stated in the petition that the verdict of the jury found that Sarah A. Dove and her coapplicants were the true and only lawful heirs of Bean, and that judgment was rendered in accord with this verdict. If this is true, the deduction, conclusion and inference should be drawn that there were no unknown heirs, and if such is the case, an appeal and dismissal of it could not affect the interest of the supposed but unreal clients of the attorneys. If the attorneys had an appealable interest as against Hume in the judgment for attorney's fees, bringing the case up for the purpose of settling that issue in the name of the unknown heirs and dismissing such appeal, could not, by all the

reason of the most expert legal minds, be justly proven to be conduct reprehensible, unprofessional and against public policy, when in fact there were no unknown heirs, and such clents existed only as a legal fiction. When the conduct of an attorney is assailed on the ground that it is against public policy, in that it antagonizes some duty that he owes his client, I know of no rule that prohibits such attorney, in disproving that charge, to establish the fact that such party was or is not his client, or that such supposed client never in fact existed. I know of no rule of law, evidence or estoppel that precludes advancing such defense.' "

Filed November 9, 1903.

"From the foregoing opinions, it will be seen that there are two material questions to be determined in passing upon the sufficiency of said petition, and the Court of Civil Appeals certifies to the Supreme Court of Texas said questions, as follows, to wit:

"1. Do the allegations of said petition show that the contract sought to be enforced by appellant, under the circumstances stated in said petition, is incapable of enforcement because it is against public policy?

"2. Do the allegations of said petition show that Steger & Steger did not have ruch an appealable interest in said cause as to render the abandonment of the appeal therein a sufficient consideration to support the contract alleged?

"A motion for rehearing is pending in this court in said cause, and these questions are not certified as questions of dissent under the statute, but under the general authority granted by the statute to certify questions of law."

*P. C. Thurmond,* for appellant.—Appellant and Thos. P. Steger, as attorneys for the unknown heirs in the matter of the application of Sarah A. Dove and her coapplicants for partition of the residue of Bean's estate in the District Court of Grayson County, had the right to appeal for said unknown heirs from the judgment of said court against said heirs, and on said appeal to assail by proper assignment the ruling of the court fixing their allowance for their services as such attorneys; and the abandonment of said appeal was a good and sufficient consideration for appellee's promise to pay them $1000. Russell's Heirs v. Randolph, 11 Texas, 460; Hunter v. Lanius, 82 Texas, 677; Stringfellow v. Early, 40 S. W. Rep., 871.

The contract set out in appellant's petition does not conflict with nor violate any provision of our State laws or of our Constitution, nor does it conflict with or violate any rule of the common law; hence it is valid. Beach, Mod. Law of Contracts, sec. 1500 and notes.

The said contract tried by its immediate tendency is not vicious, nor does it involve anything inconsistent with the impartial course of justice, nor does it tend to pervert same, but is rather one of fair compromise of conflicting claims and is favored by the courts. Stringfellow v. Early, 40 S. W. Rep., 871; Gibbons v. Gibbons, 54 S. W. Rep., 710.

The said contract does not tend to injure the public, nor is it against the public good, and courts do not declare contracts void on grounds of public policy except where the case is free from doubt and where the injury to the public interests clearly appears. Singer Sew. Mach. Co. v. Rios, 6 Texas Ct. Rep., 293; Beach, Mod. Law of Contracts, sec. 1498.

Inasmuch as the verdict of the jury in the matter of the application of Sarah A. Dove et al., found said Sarah A. Dove and her coapplicants to be the true and only heirs of T. C. Bean, deceased, and must be presumed to be true and the judgment of the court thereon correct, the contract of the Stegers made with appellee after the judgment was rendered whereby they abandoned said appeal did not injuriously affect any unknown heirs of said Bean because (1) the said verdict and judgment established the fact that there was no such unknown heirs; and (2) if, after the rendition of said judgment, it could be still contended there were such heirs, yet such heirs could still, after the making of said agreement, resort to such proceedings as they thought fit to set the said judgment aside.

*Walton & Walton* and *A. S. Phelps,* for appellee.—Any agreement which in itself is, or which contemplates or involves or requires or is calculated to induce, a dereliction or laxity in the discharge or performance of a public or private duty of another, is void. Greenhood on Public Policy of Contracts, rule 266, pp. 306-308; Drake v. Patterson, 5 Hun, 558 (1875); Merritt v. Lambert, 10 Paige, 352; Merchants Bank v. State Bank, 10 Wall., 604-650; Beer v. Landman, 88 Texas, 450; Ridenbaugh v. Young, 46 S. W. Rep., 959, and cases cited on page 961; 15 Am. and Eng. Enc. of Law, 2 ed., 932 and authorities; 934, subdiv. 6; 936, par. 3; 943, par. 5; 945, subdiv. 7; 977, subdiv. 12.

Any contract the result of which is for the purpose of stifling, hindering, or preventing justice, is against public policy and void. Ridenbaugh v. Young, 46 S. W. Rep., 959; 3 Am. and Eng. Enc. of Law, 879-881; Davis v. Sittig, 65 Texas, 501, and cases cited on 507; Woodstock Iron Co. v. Rushmann and D. Extension Co., 129 U. S., 643; Donley v. Tindale, 32 Texas, 53; Viser v. Berliand, 14 Ark., 267; Kilborn v. Field, 78 Pa. St., 194; Pollock on Contracts, p. 286; Tool Co. v. Norris, 2 Wall., 45; Greenhood on Public Policy, p. 5; Mecklenberg v. Hollis, 29 Ind., 139; Phillip v. Thorp, 10 Ore., 494; Lamport v. Beeman, 34 Barb., 229 (1863); Smolley v. Green, 52 Iowa, 24 (1879); Trist v. Child, 21 Wall., 441; Maguire v. Corwin, 101 U. S., 108; Oscangon v. Arms Co., 103 U. S., 261; Engleman v. Deal, 36 S. W. Rep., 652.

GAINES, Chief Justice.—In response to the first question certified in this case we answer, that in our opinion the contract as alleged in the petition was against public policy and therefore void.

It follows from this conclusion that an answer to the second question is unnecessary.