### VALIDITY OF AN AGREEMENT TO SET ASIDE A WILL.

Common Pleas Court of Franklin County.

HANNAH ROHR v. H. B. GATCH, EXECUTOR, ET AL.

Decided, April Term, 1918.

*Wills—Contract with Beneficiaries for Non-Resistance and Active Assistance in Setting Will Aside—Not Against Public Policy, When—Champerty and Maintenance.*

1. A plaintiff in a suit to contest a will does not lose his right to maintain such action by reason of having entered into a contract with beneficiaries under the will not to resist such contest.
2. Plaintiff, the widow of the testator, contracted with all save one of the beneficiaries for their non-resistance and active assistance in the proposed contest of her husband's will, with compensation to them for losses sustained if the will was set aside and payment to the remaining beneficiary of the full amount of his legacy. Plaintiff seeks relief against the provisions of a trust and furtherance of the interests of all parties to the will.

*Held:* Such a contract does not violate the doctrine of champerty and maintenance, and is not against public policy. *Quaere:* May the court and jury, by verdict and judgment, legally ratify an agreement of parties to set aside a will. *Walker* v. *Hollister,* 20 N.P. (N.S.), 325, disapproved.

*DeWitt C. Badger* and *J. J. Chester,* for plaintiff.
*J. F. Rogers* and *H. B. Gatch,* contra.

KINKEAD, J.

This case is submitted upon a motion for new trial. At the close of plaintiff's evidence and upon renewal when all the evidence was offered, a motion was made by the defendant executor, to enter judgment in his favor and against the plaintiff. The motion called in question the validity of a contract made by the beneficiaries under the will, and challenged the right of plaintiff to maintain the action because of the terms and conditions of the contract.

This motion was overruled, the case was tried and the jury returned a verdict holding the will of Amos T. Rohr not to be

his last will and testament because of mental incapacity to make the. same.

The question of validity of the contract is the ground relied upon in the motion for new trial.

The contract was made by plaintiff as widow of Amos T. Rohr, with Nettie Rohr, John J. Rohr and Mary Gallagher. It relates that plaintiff desires the assistance of the persons named in her action to contest the will, and promises to compensate them for the loss they will sustain in case the will is set aside. The legatees agree not to resist plaintiff's action. Plaintiff agrees that if she is successful in having the will set aside, she will deed to the second parties, the legatees above named, all the real estate of Amos T. Rohr, deceased, reserving to herself a life interest and estate in all of the property.

The second parties to the contract agreed to pay to Demarus May Hall, legatee named in the will, the sum of $100 as provided in the will. The last named legatee was not a party to the contract. The second named parties to the contract agree not to contest the action, and to render first party every assistance in their power in the prosecution of the action.

In support of the claim of the executor, *Walker* v. *Hollister*, 20 N.P.(N.S.), 235, is cited. It appears in that case that a legatee under the will was induced by the contestant—the plaintiff—to file an answer joining in the prayer of the petition, in consideration of an agreement signed by plaintiff, by which the latter agreed to pay the legatee the amount of her legacy, the sum of $10,000, in the event the will was set aside, and the plaintiff should come into possession of her testate sister's property.

In that case it appeared that plaintiff purchased other legacies at a discount, her purpose and intent being to compromise her action and to have the will set aside by making an adjustment with each beneficiary thereunder.

In deciding *Walker* v. *Hollister*, *supra*, Geoghegan, J., took the position that it is contrary to public policy to make contracts having for their object the setting aside of a will. He contends that public policy of the state requires that wills should be sustained. In support of this position certain language of

Spear, J., and *Wagon* v. *Ziegler,* 44 O. S., 59, 66, is cited and relied upon. In the latter case, the question was the power of the court to enter judgment analogous to that of non-suit in a will contest. The introduction of jury trials in will contests was cited as evidencing a purpose to prevent the setting aside of wills by consent decrees, as was frequent in chancery under the old practice. Spear, J., contended that the requirements of jury trial negatived the idea that the Legislature intended to encourage the setting aside of wills by consent of parties.

Judge Geoghegan, in his opinion, *supra,* adverted to the fact that certain decisions hold that family arrangements may be made by the consent of all, after their interests have become vested. He mistakes the vital point in *Ridenbaugh* v. *Young,* 145 Mo., 274, cited in support of his conclusions. The court in that case recognized the validity of a contract by a brother with his sister, to pay a certain sum, to-wit, $10,000, if he, as plaintiff in an action to contest a will, succeeded in having it set aside. But the contract there involved contained a provision disclosing a clear purpose to cheat another devisee named in the will, which of course was condemned. Such devisee was not to plead his relation to the testator, the contract being set aside for that reason. Judge Geoghegan laid special stress only upon the discussion in the opinion having relation to champerty and maintenance, and overlooked the facts disclosing design to cheat found in the contract.

The contract involved in the case at bar was signed by all legatees excepting one, though it provides that the legacy of the omitted party shall be paid, and she appears at the trial and gives testimony against the will. There is a vast difference between the two contracts.

The complaint of the contesting party in the case before the court has relation to the provisions of trust reposed in the executor, the agreement in respect to the proposed contest containing no provision injurious to those actually interested in this will. Their rights have all become vested, and they are competent to contract in respect to them. It discloses no purpose to control the regular administration of justice for pecuniary consideration and does not involve anything inconsistent with

full and impartial justice. It is a contract made in respect to a legal right which plaintiff has to maintain an action. The apparent purpose is to further the supposed interest of all persons interested in the will, by withdrawing its control from the executor whose course in administering the estate may probably destroy the estate. Whether it actually accomplishes such purposes is not for the court to say.

It does not tend to encourage improper or unfounded litigation unless it may cause parties to give testimony they might not otherwise give. But whether it has such tendency, or whether it may have, or whether such agreements may have in any case, can be considered and determined on trial so that any evil tendencies that might arise by sustaining such contracts may always be guarded against by the trier of facts, which in will cases is the jury.

I can not perceive how such a contract can violate the doctrine of champerty or maintenance. There is scarcity of consideration of the precise question among the authorities. In *Grochowski* v. *Id.*, Nebraska, 13 L. R. A., 484, it was held that a contract by one interested in defeating the probate of a will agrees to interpose no objection thereto, is not void as against public policy, unless it be made collusively, and in fraud of other parties interested in the estate.

It is held in *Waller* v. *Marks,* 100 Ky., 541, that a contract between an heir at law of a testatrix and the legatees and devisees under the will, that in consideration of the abandonment of a contest of the will by the heir, the legatees and devisees will pay him the amount of a bequest which the testatrix intended to give him by will, but which was omitted by mistake of the draftsman, was not against public policy and not in violation of law against champerty and maintenance.

In *Ruth* v. *Krone,* 10 Cal. App., 770 (103 Pac., 960), a promise by a legatee in a prior will to waive his rights to contest a later will excluding him, is a legal one, and is a valid consideration on which to rest an agreement with the legatees under the later will by which they agree to compensate him for such waiver. It was held legal and enforcible unless it was tainted with fraud. In the absence of a contrary showing

such an agreement is presumed to be fair and honest. (40 Cyc., 1245, Note 51.) See 95 Md., 451; 14 N. Y. St., 376; 7 Rich (S. C.), 453; 10 Lea, 421.

The great weight of authority it is said supports the legality of contracts to refrain from contesting the validity of a will.

The evidence produced on behalf of plaintiff does not tend to show improper motives and the court upon careful consideration considers the contract legal and therefore it does not constitute ground for dismissing the action or in directing a verdict sustaining the will.

The great weight of authority supports the legality of contracts to refrain from contesting the validity of a will as is indicated in the following cases:

*Schoormaker* v. *Gray,* 208 N. Y., 209; Ann. Cas. 1914 D. 510, and Note page 512, where a number of cases will be found cited.

It is to be noticed that all the authorities there collected excepting one, involve cases where the agreement was to abstain from contesting. In one particularly strong decision, cited in a late case, it was shown that the testator had intended to make a certain devise to a certain person, but by mistake the draftsman left it out of the will. The person thus omitted by mistake was proceeding to contest the will, and rather than have a contest, it was agreed among all the heirs that it would pay that omitted person the amount of the intended legacy. In the present case the circumstances are different. The effort here is to enter into an arrangement to contest and to set aside the will.

The effort of the parties here is to give every one of the persons interested in the will the same rights as they have by virtue of the will. The sole object is to get rid of the management and disposition of the property by the executor. It appears that the property is mortgaged so that there is nothing that the executor can do but to sell it and close up the estate. This would probably result in almost complete loss, whereas by the terms of the agreement the property might be handled by the parties in interest and possibly saved. No one having any beneficial interest loses anything.

Counsel for the executor has cited many cases on the motion

for new trial, but their examination discloses nothing militating against the views expressed by the court.

Our conclusion is that the rights of all the real parties in interest under the will having become vested, they had a right to make the kind of contract shown, and for the purposes disclosed, there having been no fraud committed or public policy violated. Plaintiff had a right to prosecute an action to contest the will; all the parties had a right to make a contract in respect to their vested rights in the event that plaintiff was successful in maintaining the action. The contract, nor did the contest therefor, involve any injury to any person having a beneficial interest in the estate.

It was not an agreement to obtain a formal annullment of the will, but the action to contest was to be a *bona fide* one, tried upon the evidence and under the law.

There may be serious doubt concerning a practice which is becoming common, to have wills set aside by agreement and consent of all parties interested, to have the rule of descent substituted for the law of the will, or other arrangement.

Under the old Constitution and under special statutes wills were contested in chancery. Many wills were set aside by agreement of parties. This old practice no doubt is what Brinkerhoff, J., had in mind, in *Walker* v. *Walker,* 14 O. S., 157, 176, when he stated:

"The statute imperatively requires that 'an issue shall be made up whether the writing produced be the last will of the testator or not, which shall be tried by a jury, * * * the statute is imperative * * * it was deliberatively enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent and acquiescence of parties in any form.'" See also 44 O. S., 59, 66.

This may call for serious consideration whether court and jury may ratify an agreement of parties to set aside wills by the formal rendition of a verdict and judgment.

But the agreement under consideration was one contemplating an actual action to contest, and adjusting their rights in the event that the will be set aside. This is precisely analogous to an agreement between husband and wife adjusting

their property and alimony rights in the event of a decree of divorce.

The motion for a new trial is overruled. Judgment may be accordingly entered upon the verdict invalidating the will.